**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TOUGH MUDDER, LLC,**

         **Plaintiff,**

**-vs-**                                            **Case No. 6:12-cv-354-Orl-31GJK**

**MAD CAP EVENTS, LLC,**

         **Defendant.**

## ORDER

This matter comes before the Court on the Motion for Temporary Restraining Order (Doc. 3) filed by the Plaintiff, Tough Mudder, LLC ("Tough Mudder").

**I.    Background**

The Plaintiff organizes team-based endurance challenges involving outdoor runs over long distances with obstacles such as walls to climb over and muddy pits to crawl through. It sponsored one such challenge in Tampa in December, and has another scheduled for that location this December. The Defendant, Mad Cap Events, LLC ("Mad Cap") is a competitor in the same business, though newer and less well-known. Mad Cap puts on a challenge known as the "Savage Race," also involving long outdoor runs and obstacles. Mad Cap has a Savage Race scheduled for this weekend – three days from today – in Lake County, Florida.

Tough Mudder contends that Mad Cap is improperly trying to confuse the public into thinking that it is affiliated with Tough Mudder – primarily by copying the look and feel of its web site and its Facebook page – in violation of the Lanham Act, the Florida Deceptive and Unfair

Trade Practices Act, and Florida common law.  Tough Mudder seeks to enjoin Mad Cap from engaging in this (alleged) behavior and from conducting the Savage Race this weekend.

**II.     Legal Standard**s

A federal court may enter a temporary restraining order without notice to the adverse party or its attorney only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.  Fed.R.Civ.P. 65(b)(1).  Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record.  Fed.R.Civ.P. 65(b)(2).  The order expires at the time after entry – not to exceed 14 days – that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.  Fed.R.Civ.P. 65(b)(3).

The issuance of a temporary restraining order is an extraordinary remedy.  *See California v. American Stores Company*, et al., 492 U.S. 1301, 110 S.Ct. 1, 106 L.Ed.2d 616 (1989); *Johnson v. U.S. Dept. of Agriculture*, 734 F.2d 774 (11 Cir.1984).  The party seeking a temporary restraining order must demonstrate: 1) a substantial likelihood of success on the merits, 2) that irreparable injury will be suffered if the injunction is not granted, 3) that the threatened injury outweighs the harm the relief would inflict on the non-movant, and 4) that the entry of relief would serve the public interest.  *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1226-27 (11th Cir. 2005).

Injunctive relief may not be granted unless the plaintiff establishes the substantial likelihood of success criterion. *Id.* at 1227.

**III.     Analysis**

Tough Mudder cites the imminence of the Lake County Savage Race as its grounds for needing an immediate, *ex parte* restraining order.  But Tough Mudder has not made the case that it will suffer any additional harm if Mad Cap is allowed to conduct the Savage Race this weekend.  The Plaintiff argues that it risks injury to its reputation and good will if the public believes that the Savage Race is affiliated with Tough Mudder and the Savage Race is inferior in quality to the events put on by Tough Mudder.  However, the Plaintiff has not shown that Mad Cap's challenge was or will be inferior so as to harm the Tough Mudder "brand".

Moreover, the Plaintiff is silent on the critical issue of when it learned of the similarities between its own web site and Facebook page and those of the Plaintiff and whether it made any effort to communicate its concerns to Mad Cap.  This weekend's Savage Race was almost certainly advertised months in advance, and as the Plaintiff notes, the Defendant conducted a similar event last year.  It seems unlikely the Plaintiff just discovered its competitor's web site and Facebook page in the past few days so as to justify showing up in court on the eve of an event, demanding a shutdown.[1]

For both these reasons, the instant motion fails to satisfy the requirements of Rule 65(b)(1).  Accordingly, the Court will not enter a temporary restraining order. However, the Court will

---

[1] Tough Mudder asserts that Mad Cap revised its web site in October 2011, Doc. 4-1 at 4, suggesting that Tough Mudder has been reviewing the web site since at least that date.

construe the motion as one for a preliminary injunction, which will be considered after the Defendant has had an opportunity to respond. Accordingly, it is hereby

**ORDERED** that, to the extent not already accomplished[2], the Plaintiff will immediately serve upon the Defendant its complaint, the instant motion and accompanying affidavits, and a copy of this order. And it is further

**ORDERED** that the Defendant shall file a written response to the instant motion on or before March 23, 2012. The Court will set the matter for hearing by way of a subsequent notice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 7, 2012.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[2]The docket shows that two attorneys have just entered appearances on behalf of the Defendant. (Doc. 5, 6).

-4-