# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TOUGH MUDDER, LLC,**

      **Plaintiff,**

-vs-                **Case No. 6:12-cv-354-Orl-31GJK**

**MAD CAP EVENTS, LLC,**

      **Defendant.**

# ORDER

  This matter comes before the Court without a hearing on the Motion for Temporary Restraining Order (Doc. 3), which the Court has construed as a motion for preliminary injunction, filed by the Plaintiff, Tough Mudder, LLC ("Tough Mudder"), the response in opposition (Doc. 17) filed by the Defendant, Mad Cap Events, LLC ("Mad Cap"), and the additional replies (Doc. 28, 33) filed by Tough Mudder and Mad Cap, respectively.

**I. Background**

  Both parties are in the business of staging endurance challenges in which participants traverse miles-long courses containing various obstacles such as monkey bars, climbing walls, barbed wire and mud. Tough Mudder is the more well established company, having run more than 15 events in the past two years. Mad Cap's events are staged under the name "Savage Race," and the company's first such event was held August 27, 2011 in Clermont, Florida. The instant suit was filed on March 6, 2012, four days prior to the second Savage Race, which was also held in Clermont.

Tough Mudder complains that Mad Cap has copied the look and feel of its posters, web pages, and events, including the obstacles making up the race course. Tough Mudder asserts claims for unfair competition under the Lanham Act (Count I), unfair competition under the Florida Deceptive and Unfair Trade Practices Act (Count II), Florida common law unfair competition (Count III), trade dress infringement under the Lanham Act (Count IV), and Florida common law trade dress infringement (Count V). Along with the Complaint, Tough Mudder filed a Motion for Temporary Restraining Order (Doc. 3). After finding that the Plaintiff had failed to satisfy the requirements for the imposition of a TRO (Doc. 7), the Court opted to consider the motion as one for the entry of a preliminary injunction.

## II.    Standards

The decision regarding whether to grant a preliminary injunction lies within the sound discretion of the court. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). A district court may grant injunctive relief if the movant demonstrates (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that if issued, the injunction would not be adverse to the public interest. *Id.* In this Circuit, a preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." *Id*

**III.    Analysis**

   A.    Delay

It appears from the record that the individuals behind Tough Mudder knew about Savage Race a number of months before they filed the instant motion. The Defendant contends that it launched its web site in May 2011 and, as noted above, held its first event in August 2011. Mad Cap asserts that it began advertising its March 10, 2012 event in October 2011, primarily on its own web site and Facebook page. Also in October 2011, one of the co-founders of Mad Cap, Sam Abbitt, met representatives of Tough Mudder (including one of the co-founders, Will Dean) at a conference in Las Vegas and they discussed their respective businesses. (Doc. 17-1 at 5). Shortly after the meeting, according to Abbitt, Dean "liked" Savage Race's (allegedly infringing) Facebook page. In December 2011, Savage Race advertised its March 2012 event to participants at a Tough Mudder event near Tampa by flying an advertising banner overhead and handing out flyers in the parking lot.[1]  (Doc. 17-1 at 5).

Though never admitting it, Tough Mudder does not dispute having known about Savage Race since August 2011. Tough Mudder argues that filing suit in March 2011 was prompt enough to avoid the defense of laches. (Doc. 28 at 7-8). But laches is not the issue. To obtain a preliminary injunction, Tough Mudder must establish that it faces a substantial threat of irreparable injury if Mad Cap is not enjoined. *See, e.g.*, *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (describing a showing of irreparable injury as "the sine qua non of injunctive relief"). Delay in seeking a preliminary injunction may preclude the granting of relief, because the

---

[1] Tough Mudder representatives asked the people handing out the flyers to leave the premises. (Doc. 17-1 at 6).

failure to act quickly undercuts the sense of urgency that ordinarily accompanies such a motion and suggests that there is no real threat of irreparable harm. *See Tough Traveler, Ltd. v. Outbound Prods.*, 60 F.3d 964, 968 (2d Cir. 1995). Here, the record suggests that the Plaintiff knew about the Defendant's allegedly infringing web sites at least seven months before filing this suit, if not longer. Tough Mudder asserts that it was prevented from bringing suit earlier by ongoing negotiations with Mad Cap, but Mad Cap denies this and the record does not support it. The fact that it was filed on the very eve of the Defendant's second-ever event also undercuts the notion that fear of unfair competition was the catalyst here.

B.   Likelihood of success

On its own, the delay in seeking injunctive relief justifies denial of the motion. However, the Plaintiff has also failed to establish that it is likely to prevail on the merits. All five of the counts asserted by the Plaintiff require a showing that the public is likely to be confused or deceived as to the goods or services being purchased or the identity of the provider of those goods and services.[2] And, so far at least, the Plaintiff has not presented evidence from which a

---

[2]For example, to prevail on its claim in Count I – *i.e.*, unfair competition under the Lanham Act – Tough Mudder must show that Mad Cap

> use[d] in commerce any word, term, name, ... or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which ... is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person[.]

15 U.S.C. § 1125(a)(1)(A). To prevail on a claim of unfair competition under FDUTPA (Count II), a plaintiff must show "a deceptive act or unfair practice," "causation," and "actual damages or aggrievement", Fla. Stat. § 501.204(1), while a claim of unfair competition under Florida common law (Count III) requires a showing of deceptive or fraudulent conduct and the probability of consumer

-4-

reasonable factfinder could conclude that the public is likely to be confused as to the relationship between Tough Mudder and Mad Cap, or their respective products. The web sites have similar layouts and, to a certain extent, color schemes, but the amount of resemblance is not so great that a jury is likely to find them confusingly similar. The events sponsored by the parties have completely different names and, on this record at least, their formats are noticeably different.[3]

Tough Mudder complains that Mad Cap has copied a number of its so-called "signature" obstacles, such as the "Funky Monkey" and the "Kiss of Mud." (The first is described by Tough Mudder as a greased-up set of monkey bars over an "ice cold lake," while the second requires Tough Mudder participants to "[e]at dirt as you crawl on your belly under wire set only 8 inches from the ground." (Doc. 3 at 7).) Tough Mudder alleges that its proprietary designs have been copied by Savage Race with its "Evil Monkey Bars" and "Mud and Guts" obstacles, respectively. (According to Tough Mudder, Savage Race describes the former as "A sick take on a childhood classic. Monkey bars for adults," and the latter as requiring participants to "[c]rawl through thick mud on your way to the finish line. Stay low to avoid getting snagged on the barbed wire." (Doc. 3 at 7).) But it is not clear that copying occurred here. Monkey bars, mud puddles and barbed wire are staples of obstacle courses, so the fact that both events include them is not indicative of

---

confusion, *Third Party Verfication, Inc. v. Signaturelink, Inc.,* 492 F.Supp.2d 1314, 1324 (M.D.Fla. 2007). Claims of trade dress infringement under the Lanham Act (Count IV) or Florida common law (Count V) require the plaintiff to demonstrate, *inter alia*, a likelihood of confusion. *See, e.g.*, *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 2009 WL 6812111 (S.D.Fla. 2009).

[3]According to information provided by the Defendant, and unrebutted by the Plaintiff, the typical Savage Race is shorter and less difficult than the typical Tough Mudder, which is more of a team building exercise than an actual race. (Doc. 17 at 2).

copying. Moreover, the obstacles have different names, and different descriptions. Tough Mudder suggests that its versions of these obstacles have unique design features, which Mad Cap has copied, but has not produced evidence sufficient to support such a conclusion.

In addition, Tough Mudder has failed to show that any of the allegedly copied items – its web site, Facebook page, obstacles and so forth – are well enough known to the public that copying of them by Mad Cap would confuse the public into thinking that the Savage Race was produced by or affiliated with Tough Mudder. The closest Tough Mudder comes to such a showing is its contention that it has spent $10 million in developing its web site, Facebook page, and online advertising. (Doc. 3 at 5). Although this certainly suggests that Tough Mudder is working to develop a distinctive identity, it is not enough, on its own, to show that it has succeeded, such that copying of elements of its web site or obstacles is likely to cause confusion.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Temporary Restraining Order (Doc. 3), which the Court has construed as a motion for preliminary injunction, is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 30, 2012.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party